UNITED STATES DISTRICT COURT
CONNECITCUT

BERNARD KENNEDY, III

      Plaintiff,

V.                                     CIVIL ACTION NO

AFNI, INC.

Defendant.                              MAY 5, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Branford, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 1310 MARTIN LUTHER KING DRIVE, BLOOMINGTON, IL 61701.

6. Defendant communicated with plaintiff by letter dated November 28, 2009 in connection with collection efforts with regard to Plaintiff's disputed personal debt.

7. Defendant communicated with the Plaintiff via telephone conversation on or about April 17, 2011.

8. Defendant failed to provide the required notice pursuant to §1692e (11) and violated the FDCPA.

9. Defendant through their collection agent advised the Plaintiff that he could not dispute his debt.

10. The Plaintiff asked the Defendant if they would report his debt to the credit bureaus, and the Defendant stated through their collection agent that it would not report his disputed debt, violating §1692e (8).

11. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to dispute a debt.

12 The Defendant advised the Plaintiff that the Defendant AFNI had 30 days to send verification of the debt, if the Plaintiff did not respond to their verification within 30 days of receipt of the verification letter, AFNI did not have to report his disputed debt, as the account would not be disputed, because he failed to provide any written evidence proving his dispute.

13. The procedure outlined by the Defendant AFNI's collection representative is false, deceptive and misleading.

14.  The Plaintiff is not required to provide any written correspondence to dispute

a debt.  *See Camacho v. Bridgeport Financial, Inc.* (9th Cir. - Dec. 12, 2005).

15.  In the collection efforts, the Defendant violated the FDCPA; inter alia, section

1692e, and g.

**SECOND COUNT**

  16. The allegations of the First Count are repeated and realleged as if fully set

forth herein.

  17. Within three years prior to the date of this action, Defendant has committed

unfair or deceptive acts or practices within the meaning of the Unfair Trade

Practices Act, Conn. Gen. Stat. 42-110a et seq, including but not limited to making

false, deceptive and misleading statements in violation of §1692e.

WHEREFORE Plaintiff respectfully requests this Court to:

1.  Award Plaintiff statutory damages pursuant to the FDCPA.

2.  Award Plaintiff statutory damages pursuant to CUTPA

3.  Award Plaintiff costs of suit and a reasonable attorney's fee.

4.  Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
   Bernard T. Kennedy, Esquire
   157 Pine Orchard Road
   Branford, CT 06405
   (443) 607- 8901
   (443) 607-8903 Fax
   Fed. Bar # ct00680
   bernardtkennedy@yahoo.com

Filename:            Complaint-5-5-11
Directory:           C:\Users\Michael W. Kennedy\Documents\BTK,III\AFNI,
    Inc
Template:            C:\Users\Michael W.
    Kennedy\AppData\Roaming\Microsoft\Templates\Normal.dotm
Title:               UNITED STATES DISTRICT COURT
Subject:
Author:              Michael W. Kennedy
Keywords:
Comments:
Creation Date:       May 5, 2011 3:04:00 PM
Change Number:   3
Last Saved On:       May 5, 2011 4:14:00 PM
Last Saved By:       Michael W. Kennedy
Total Editing Time: 6 Minutes
Last Printed On:     May 6, 2011 2:28:00 PM
As of Last Complete Printing
    Number of Pages:      4
    Number of Words:      514 (approx.)
    Number of Characters: 2,935 (approx.)